## SPRATT v. SYMS.

(Supreme Court, Appellate Division, First Department.   May 5, 1905.)

1. EXECUTORS—ANCILLARY LETTERS.

Code Civ. Proc. § 2703, authorizing the recording of a foreign will relating to real estate situated in New York, does not confer power on the surrogate of the county in which such real estate is located to issue ancillary letters of administration.

2. SAME—NONRESIDENTS—ORIGINAL LETTERS—ADMINISTRATION WITH WILL ANNEXED.

Code Civ. Proc. § 2472, authorizes the Surrogate's Court to take proof of wills, admit wills to probate, and grant or revoke letters testamentary and of administration.   Section 2476 relates to the exclusive jurisdiction of the Surrogate's Court to the taking of proof of a will and granting letters testamentary or of administration, where the decedent at his death was not a resident of the state, and a petition for probate of his will or grant of letters has not been filed in any Surrogate's Court, but real property to which the will relates, or which is subject to disposition, is

situated within the county and no other. *Held,* that where a foreign will was probated in another state, and was not produced before the surrogate in New York in a county where testator left real estate, the Surrogate's Court' of that county had no jurisdiction to grant original letters of administration with the will annexed.

Appeal from Special Term, New York County.

Action by James K. Spratt against John G. Syms. From an order reviving the action, after the death of John G. Syms, in the name of George N. Syms, administrator with the will annexed, he appeals. Reversed.

The plaintiff sued to recover for labor and services and money expended · for and at the request of John G. Syms, who died while the action thus brought against him was pending. In his will he named executors, including his son, George N. Syms, and such will was probated by the executors in New Jersey, where the decedent resided, and an exemplified copy of the will and order admitting it to probate were filed by George N. Syms in the office of the surrogate of New York county, the decedent having left real property within this county, the balance of his estate, including both real and personal property, being situated without this jurisdiction. Thereafter an order was entered requiring all those interested to show cause why this plaintiff should not be appointed administrator with the will annexed of the real property belonging to the decedent in this county, and subsequently an order was entered permitting the issuance of letters to the plaintiff, unless one of the executors, George N. Syms, should take out such letters. Pursuant to the decree thus made, letters of administration with the will annexed were issued to George N. Syms, and thereupon the plaintiff moved for an order reviving this action as against the said George N. Syms, as the representative of the estate of John G. Syms, deceased. The motion was opposed by George N. Syms upon the ground that the surrogate had no power to issue the letters to him, and it is from the order entered granting the motion to revive the action that he now appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

F. W. Keller, for appellant.
Edward S. Peck, for respondent.

O'BRIEN, J. The question presented on this appeal is as to the power of the surrogate to grant letters of administration with the will annexed to George N. Syms.

The singular and anomalous feature on this appeal is the attitude of the appellant, who, having obtained his appointment by the surrogate, now assails in this court, as he did at the Special Term, the right and authority of the surrogate to appoint him. We need not inquire into the object or the motive for the attitude thus taken, which is not far to seek; but candor requires us to say that we could not be favorably impressed with the course pursued by George N. Syms in preventing letters being issued to a creditor— the plaintiff in this action—by successfully intervening as executor, and afterwards assailing the authority of the surrogate. Yet, however indisposed to assist the appellant, we are bound to consider the question raised as to the authority of the surrogate to grant the letters of administration. If they were properly issued, then the disposition made of the motion by the learned Special Term in re-

viving the action was right. We may therefore confine our discussion 'to the one question.

The appellant's contention, as we understand it, is that the letters as issued were principal letters, and that, the will not having been produced and offered for probate in this county, there was no authority for the issuance of principal letters. That they are not ancillary letters would appear, first, from their form, and also from the fact that the petition for the issuance of letters of administration with the will annexed did not contain the necessary allegations to authorize such letters being granted; but, on the contrary, it ·shows that there was no personal property of John G. Syms, the decedent, within the state of New York. That petition does set forth that the decedent owned a parcel of real estate in the city of New York, and that the will relates to real estate situate within the · county of New York. It also states that, unless ancillary letters or letters of administration with the will annexed were issued upon the will of the decedent, the petitioner, who claims to have been a creditor with a pending suit against the decedent, would be unable to prosecute his action to judgment. The citation issued also indicates that the letters applied for were original letters of administration with the will annexed, for it does not conform to the requirements of the Code of Civil Procedure with reference to ancillary letters. By section 2698 of that Code it is provided that an application for ancillary letters must be made by petition, and upon the presentation thereof the surrogate must ascertain to his satisfaction whether any creditors or persons claiming to be creditors of the decedent reside within the state, and, if so, the name and residence of each creditor or person claiming to be a creditor, so far as the same may be ascertained; and, unless such creditors shall file duly acknowledged waivers of citation, the surrogate must issue a citation directed to each person whose name and residence have been so ascertained, and also directed generally to all creditors or persons claiming to be creditors of the decedent.

There is nothing in the citation nor in the papers presented to the surrogate, as they appear in this record, relating to creditors other than the petitioner himself. The failure to allege indebtedness of the decedent to creditors in this state was fatal to the granting of an application for ancillary letters testamentary or ancillary letters of administration. ·Hendrickson v. Ladd, 2 Dem. Sur. 406, Rollins, S., citing Estate of Winnington, 1 Civ. Proc. R. 267. No authority to issue such letters is to be gathered from that provision of the Code (2703) which refers to the recording of a will of a nonresident testator relating to real estate situated within the state. Although that section is embraced within the article of the Code of Civil Procedure relating to ancillary letters, still it refers only to the method of making a record of such a will, and no further action is required to make that record effectual than the filing thereof under conditions and provisions mentioned in the statute. Compliance with its requirements furnishes evidence of a record title to real estate precisely in the same way that the recording of a

deed would. It is made by the statute presumptive evidence of the will, and the execution thereof in any action or special proceeding relating to such real property. Ancillary letters of administration are based upon the existence of personal property. They are simply for the purposes of administration. The surrogate has nothing whatever to do with real estate of a testator under section 2703. His jurisdiction is merely to have a will recorded in compliance with its provisions. Ancillary letters may be issued upon a will of personal property, made by a person who resided without the state, upon the foreign probate of the will. But even granting that it is not necessary that personal property should actually have its situs in the state, yet the proceeding taken here was insufficient, as said before, to authorize the issuance of such letters.

The surrogate had no authority to issue principal letters of administration, and that for the simple reason that the will of the testator was not produced and proven before him. Original or principal letters, as distinguished from those of an ancillary character, can be issued only on proof of the will. The general jurisdiction of the Surrogate's Court is defined by section 2472 of the Code of Civil Procedure, by the first subdivision of which that court is authorized to take proof of wills and to admit wills to probate, and by the second subdivision to grant and revoke letters testamentary and letters of administration. Section 2476 of the Code relates to the exclusive jurisdiction of the Surrogate's Court in each county, and provides that that exclusive jurisdiction relates to the taking of proof of a will and to the granting of letters testamentary thereon, or the granting of letters of administration, as the case requires, in either of the following cases: (1) Where the decedent was at the time of his death a resident of that county, whether his death happened there or elsewhere. (2) Where the decedent, not being a resident of the state, died within that county, leaving personal property within the state, or leaving personal property which has, since his death, come into the state, and remains unadministered. (3) Where the decedent, not being a resident of the state, died without the state, leaving personal property within that county, and no other; or leaving personal property which has since his death come into that county, and no other, and remains unadministered. (4) Where the decedent was not, at the time of his death, a resident of the state, and a petition for probate of his will, or for a grant of letters of administration under subdivision 2 or 3 of this section, has not been filed in any surrogate's court; but real property of the decedent, to which the will relates, or which is subject to disposition under title 5 of this chapter, is situated within that county, and no other. All these provisions relate to the issuance of letters testamentary or of administration after probate proceedings which would establish the will in accordance with the requirements of the law on that subject. Under the provisions of the Code, as they now exist, we are of the opinion that letters of administration under the fourth subdivision of section 2476 cannot be issued without the probate pro-

ceeding. The fact that the will is filed and remains in another state does not change the situation, for the reason that a commission might be issued to take proof of the will, and the commissioners would be considered as officers of the court, and the production of the will before them would be held to be a production before the court in the person of its commissioner. Russell v. Hartt, 87 N. Y. 19; Matter of Delaplaine, 45 Hun, 225.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs; without prejudice, however, to a further application to the surrogate after payment of these costs. All concur.